**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAPITAL ONE BANK (USA), N.A., | Civil Action No. 18-12989 (ES) (CLW) |
| Plaintiff, | |
| v. | ORDER |
| RONDA JONES | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

It appearing that:

1. Pending before the Court is Capital One Bank (USA), N.A.'s ("Plaintiff's"), motion for remand. (D.E. No. 6). The Honorable Cathy L. Waldor, United States Magistrate Judge, has recommended that the motion for remand be granted. (D.E. No. 10).

2. *Pro se* defendant Ronda Jones ("Defendant") has objected to that recommendation. (D.E. Nos. 11). Thus the Court must "make a de novo determination of those portions [of the recommendation] to which [the] objection is made . . . ." *See* L. Civ. R. 72.1(c)(2); Fed. R. Civ. P. 72(b)(3). For the following reasons, the Court "accept[s] . . . [Judge Waldor's] recommended disposition," *see* Fed. R. Civ. P. 72(b)(3): that "th[is] case should be remanded" because Defendant "did not file for removal" within the required "thirty day limitation" (D.E. No. 10 at 3).

3. On August 17, 2018, Defendant filed a notice of removal in this matter (D.E. No. 1), which had originally been filed in state court on March 12, 2018 (D.E. No. 1 at 32–34).

4. 28 U.S.C. § 1446(b)(1) provides that a notice of removal in a civil action must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." "There is no question that the statute prohibits removal outside of certain time limits." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 615 n.2 (3d Cir. 2003); *see also Galvanek v. AT & T, Inc.*, No. 07- 2759, 2007 WL 3256701, at *2 (D.N.J. Nov. 5, 2007) ("[I]t is well-established that the thirty day period for removal is mandatory and cannot be extended by the court.").

5. Here, service in the state-court matter was effectuated upon Defendant on March 14, 2018. (D.E. No. 6-1 at 1).

6. Defendant, therefore, did not remove the matter within "within 30 days after . . . receipt," as required by 28 U.S.C. § 1446(b)(1). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . . "); (*see also, e.g.*, D.E. No. 11 at 41–42 (Defendant apparently conceding that the removal was untimely but contending that its untimeliness was because of "excusable neglect")).[1]

7. Moreover, "[r]emoval statutes are to be strictly construed, *with all doubts to be resolved in favor of remand.*" *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 411 n.3 (3d Cir. 2015) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)) (emphasis added).

---

[1] "Even if the Court did have authority to extend the 30-day deadline to remove, [D]efendant has not shown that [her] conduct was sufficiently blameless as to constitute 'excusable neglect' under Rule 6(b)." *See Sibalich v. Nationwide Ins. Co.*, No. 18-7818, 2018 WL 4519311, at *2 (D.N.J. Sept. 4, 2018), *report and recommendation adopted*, No. 18-7818, 2018 WL 4510263 (D.N.J. Sept. 19, 2018); (D.E. No. 11 at 41–42).

Accordingly, IT IS on this 2nd day of May 2019,

**ORDERED** that the recommendation of the Honorable Cathy L. Waldor, United States Magistrate Judge, is ACCEPTED; and it is further

**ORDERED** that Plaintiff's motion for remand (D.E. No. 6) is GRANTED; and it is further

**ORDERED** that this matter is REMANDED to the Superior Court of New Jersey, Law Division, Special Civil Part, Union County; and it is further

**ORDERED** that the Clerk of Court TERMINATE Docket Entry Numbers Six and Ten.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**